**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| William Lee Pait, Jr., | No. CV-22-00494-TUC-JAS (MSA) |
| Petitioner, | **ORDER** |
| v. | |
| Mark Gutierrez, | |
| Respondent. | |

Pending before the Court is Petitioner William Lee Pait, Jr.'s petition for a writ of habeas corpus under 28 U.S.C. § 2241. As will be explained in the forthcoming report and recommendation, the Court concludes that it lacks jurisdiction over the petition. It is not clear from the record, however, whether this case should be terminated or instead be transferred to the sentencing court. The purpose of this Order is to explain the Court's views and to afford the parties an opportunity to respond.

\* \* \*

In 2013, Petitioner pleaded guilty, in North Carolina district court, to production of child pornography. He had prior state-court convictions for child sex offenses, so he faced an enhanced sentence on the federal production charge. The North Carolina district court found that one of his prior convictions was a proper predicate for the enhancement and thus imposed an enhanced sentence. Petitioner's direct appeal failed.

There is a discrepancy as to what occurred next. Petitioner asserts, under penalty of perjury, that he sought collateral relief in the sentencing court under 28 U.S.C. § 2255. The

1  docket for Petitioner's criminal case, however, does not reflect that he ever filed a § 2255
2  motion. The importance of this discrepancy will be made clear momentarily.

3  In 2022, Petitioner filed this case under 28 U.S.C. § 2241. Based on intervening
4  statutory-interpretation caselaw, he argues that neither of his state-court convictions is a
5  proper predicate for the enhancement and that he is therefore innocent of the enhancement.
6  While he concedes that this type of claim ordinarily must be brought in the sentencing court
7  under § 2255, he argues that he satisfies § 2255(e)'s "escape hatch," which means he can
8  present his claim to the custodial court (this Court) under § 2241.

9  Petitioner is wrong that he can proceed under § 2241, and the Court will explain
10 why in the report and recommendation. The issue now, as the Court sees it, is what the lack
11 of jurisdiction means for Petitioner. There are two possibilities:

12 First, dismissal. Under 28 U.S.C. § 2255(h), a federal prisoner cannot file a "second
13 or successive motion" in the sentencing court unless it is based on "newly discovered
14 evidence" of his innocence or on "a new rule of constitutional law, made retroactive to
15 cases on collateral review by the Supreme Court." Petitioner's claim is not based on new
16 evidence or a new rule of constitutional law; it is based on principles of statutory
17 interpretation. Therefore, if Petitioner has already filed a § 2255 motion in the North
18 Carolina district court—as he says he has—then he is barred under § 2255(h) from bringing
19 his statutory claim in a second motion. If the Arizona district court lacks jurisdiction to
20 grant relief, and the North Carolina district court is statutorily barred from granting relief,
21 then Petitioner has no recourse. His § 2241 petition (which is actually a disguised § 2255
22 motion) should be dismissed.

23 Second, transfer. If Petitioner has never filed a § 2255 motion—which is what the
24 sentencing court's docket indicates—then the restrictions on second or successive motions
25 do not bar him from seeking relief in that court. And because § 2255(f)(4) runs the one-
26 year statute of limitation from "the date on which the facts supporting the claim or claims
27 presented could have been discovered through the exercise of due diligence," his claim
28 might be timely. Therefore, Petitioner may be able to obtain relief on his statutory claim

by filing his first § 2255 motion in the North Carolina district court.

Transfer, of course, raises other issues. A case may be transferred for lack of jurisdiction if doing so would serve "the interest of justice." 28 U.S.C. § 1631. Transfer generally is not in the interest of justice if the petitioner's claim would be "clearly doomed" upon arrival in the transferee court. *Phillips v. Seiter*, 173 F.3d 609, 610 (7th Cir. 1999). Here, it is not apparent that Petitioner's claim would necessarily fail in the North Carolina district court. It is not clear that his claim is time barred because, as noted, the statute of limitation accommodates the possibility that a prisoner might fail to discover his claim despite his diligence. *Cf. id.* at 611 (concluding that transfer was unwarranted because the habeas petitions were clearly untimely).[1] As for the merits, because the Court lacks jurisdiction, its power to review the merits is "limited." *Id.* Here, resolving Petitioner's claim would require determining which of his state-court convictions served as the predicate for the enhancement and then determining whether that conviction was a categorical match to the federal offense. That sort of analysis arguably exceeds the "limited review" authorized by § 1631. *See id.* (stating that a case should not be transferred if "the limited review reveals that the case is a sure loser").

* * *

**IT IS ORDERED** that each party shall file a supplemental brief addressing whether this case should be transferred to the Eastern District of North Carolina if jurisdiction is found to be lacking. The supplemental briefs are due no later than **August 25, 2023**.[2]

Dated this 15th day of August, 2023.

_____
Honorable Maria S. Aguilera
United States Magistrate Judge

---

[1] Under the transfer statute, the North Carolina district court would be required to treat Petitioner's case as having been filed on October 18, 2022—the date he filed in this district—rather than on the date of the transfer. 28 U.S.C. § 1631.

[2] Petitioner's response to this Order will not be construed as an admission that jurisdiction is lacking. He will have the opportunity to challenge that legal conclusion by objecting to the report and recommendation.