1   GARY M. RESTAINO
    United States Attorney
2   District of Arizona
    MELISSA M. KROEGER
3   Assistant U.S. Attorney
    Arizona State Bar No. 025209
4   405 W. Congress Street, Suite 4800
    Tucson, Arizona 85701
5   Telephone: 520-620-7300
    Email: melissa.kroeger@usdoj.gov
6   *Attorneys for Respondent*

7

8                   IN THE UNITED STATES DISTRICT COURT

9                       FOR THE DISTRICT OF ARIZONA

10  William Lee Pait, Jr.,                    **CV 22-00494-TUC-JAS (MSA)**

11                      Petitioner,      **SUPPLEMENTAL BRIEF PURSUANT
                                            TO COURT ORDER**
12          vs.

13  Mark Gutierrez,

14                      Respondent.

15

16          Pursuant to this Court's Order dated August 15, 2023 [Doc. 19], Warden Gutierrez

17  ("Respondent") submits this supplemental brief addressing whether this case should be

18  transferred to the Eastern District of North Carolina if jurisdiction is found to be lacking.

19  For the reasons set forth below, Respondent objects to transferring the Petition, because it

20  appears based on the Petitioner's representations that Petitioner's claims would be time-

21  barred under 28 U.S.C. § 2255 if the case were transferred to the sentencing court.

22          As set forth in the Court's Order, a case may be transferred for lack of jurisdiction if

23  doing so would serve "the interest of justice."  [Doc. 19], at 3, quoting 28 U.S.C. § 1631.

24  But "[t]ransfer generally is not in the interest of justice if the petitioner's claim would be

25  'clearly doomed' upon arrival in the transferee court," as in this case.  *See id.* quoting

26  *Phillips v. Seiter*, 173 F.3d 609, 610 (7th Cir. 1999).

27          Pursuant to 28 U.S.C. § 2255(f)(3) and 2255(f)(4), if the Petition is construed under

28  § 2255 and transferred to the sentencing court, Petitioner is subject to a one-year statute

of limitations that runs from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review" or "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."  28 U.S.C. §§ 2255(f)(3), 2255(f)(4).

In the Petition, Petitioner represents that he was sentenced on September 3, 2013, and that he is requesting relief under *Descamps v. United States,* 570 U.S. 254 (2013) and *Mathis v. United States*, 579 U.S. 500 (2016).  Petition [Doc. 1-1], at 2.  Petitioner also references additional guidance from the Fourth Circuit as of December 23, 2014. *Id.* at 10, citing *Omargharib v. Holder*, 775 F.3d 192, 198 (4th Cir. 2014).  Accordingly, based on Petitioner's representations, it appears that the grounds for his Petition could have been discovered by 2016 – at the latest – and any Petition pursuant to § 2255 would be time-barred, even if the sentencing court were to treat the Petition as having been filed on October 18, 2022, which is the date of filing in the instant § 2241 case.

For the above reasons, Respondent respectfully requests that this Court deny transfer of the Petition to the sentencing court and further dismiss the Petition for lack of jurisdiction.

RESPECTFULLY SUBMITTED this 25 day of August, 2023.

GARY M. RESTAINO
United States Attorney
District of Arizona

*/s/Melissa M. Kroeger*
MELISSA M. KROEGER
Assistant U.S. Attorney

# CERTIFICATE OF SERVICE

I hereby certify that August 25, 2023, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing, and further mailed a copy by first class U.S. mail on the next business day, August 28, 2023:

William Lee Pait, Jr.
No. 56479-056
United States Penitentiary-Tucson
P.O. Box 24550
Tucson, AZ  85734

*/s/ M. Parker*