

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| William Lee Pait, Jr.,<br><br>    Petitioner,<br><br>vs.<br><br>Mark Gutierrez,<br><br>    Respondent. | No. CV-22-00494-TUC-JAS (MSA)<br><br>SUPPLEMENTAL BRIEF |

COMES NOW the Petitioner, William Lee Pait, Jr., in pro se with this supplemental brief per the Order of the Court dated August 15, 2023. Doc. 19.

The Court asks for supplemental briefing to be filed no later than August 25, 2023 addressing whether the above captioned case should be transferred to the Eastern District of North Carolina. Id.

As an initial matter, Mr. Pait apologizes for his ignorance in differentiating between his direct appeal and a (§ 2255) habeas petition.[1] The Petitioner does not have his case file nor an up-to-date docket sheet. Thus, without counsel, the inmate assisting Mr. Pait was left to grapple with fragmentary records and Mr. Pait's vague recollection. Petitioner now understands the difference

---

[1] Mr. Pait appreciates the Court's consideration of the transfer question, as well as the Court's candor regarding the question's nuances.

between a direct appeal and a habeas petition. With the exception of the instant (§ 2241) habeas action, no other habeas petition has ever been filed in this Court, nor the Eastern District of North Carolina.

With this supplemental briefing, Petitioner respectfully asks the Court to transfer the case to the Eastern District of North Carolina on the grounds which follow.

A. Want of Jurisdiction

At the time of filing the instant action, this Court had jurisdiction, but a recent Supreme Court interpretation has changed the way in which the Ninth Circuit previously interpreted the savings clause. See, generally, Jones v. Hendrix, No. 21-857, 599 U.S. ___, 2023 U.S. LEXIS 2632, 2023 WL 4110233 (June 22, 2023).

As this Court points out, pursuant to 28 U.S.C. § 1631, "[w]henever a civil action is filed in a court...and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action...to any other such court in which the action...could have been brought at the time it was filed...." This statute applies in habeas proceedings. See Cruz-Aguilera v. I.N.S., 245 F.3d 1070, 1074 (9th Cir. 2001); Miller v. Hambrick, 905 F.2d 259, 262 (9th Cir. 1990); see also Muth v. Fondren, 676 F.3d 815, 818 (9th Cir. 2012).

B.  Conditions Requisite to Transfer

"Transfer is appropriate under § 1631 if three conditions are met: (1) the transferring court lacks jurisdiction; (2) the transferee court could have exercised jurisdiction at the time the action was filed; and (3) the transfer is in the interest of justice." Cruz-Aguilera, 245 F.3d at 1074 (citing Kolek v. Engen, 869 F.2d 1281, 1284 (9th Cir. 1989)). These three conditions are met in this action.

*(1) Jurisdiction*

As pointed out in "A." under Jones v. Hendrix, this Court (the transferring court), now lacks jurisdiction over Petitioner's § 2241 petition. The first condition is therefore met.

*(2) Transferee Court Could Have Exercised Jurisdiction*

As pointed out on p.1, ¶3 of this supplemental brief, Petitioner has never filed a § 2255 motion in the Eastern District of North Carolina. As such, no authorization need be obtained from the Fourth Circuit to proceed. Since § 1631 permits the action to "proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred" (28 U.S.C. § 1631), which was signed and mailed by Petitioner from USP Tucson on October 18, 2022. Doc. 1. As such, the petition would

have been considered "filed" in the Eastern District of North Carolina at that time, and that court would have had jurisdiction at the time the action was filed. The second condition is therefore met.

### (3) Interest of Justice

In Petitioner's § 2241 petition, a claim of actual innocence is made. Doc. 1 at 6-8. "In this [C]ircuit, a claim of actual innocence for purposes of the escape hatch of § 2255 is tested by the standard articulated by the Supreme Court in Bousley v. United States, 523 U.S. 614, 623 (1998): To establish actual innocence, Petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him. Actual innocence means factual innocence, not mere legal insufficiency." Muth, 676 F.3d at 819 (internal quotation marks, parallel citations, and brackets omitted). In Allen v. Ives, the Ninth Circuit held that an inmate can be "actually innocent of a noncapital sentence" for purposes of the § 2255(e) "escape hatch." Allen, 950 F.3d 1184, 1190 (9th Cir. 2020). The Ninth Circuit concluded that Allen "[w]as actually innocent on a crime that would qualify him for career offender status." Allen, 950 F.3d at 1188-90. Like the petitioner in Allen, Mr. Pait claims that the court that sentenced him erroneously treated his state-court conviction as a predicate for an enhanced sentence. It follows that here, as in Allen, the actual innocence prong of the § 2255(e) "escape hatch" is satisfied.

Accordingly, a claim of actual innocence indeed comports with the interests of justice. Thus, at least in the Ninth Circuit, the third and final condition requisite to transfer is met.

### C. Whether Petitioner's Actual Innocence Claim Would be Doomed in the Eastern District of North Carolina

This question is, admittedly, a little more difficult to fully answer without appointment of counsel and/or Petitioner's complete record. As the Court candidly offers, however, "[h]ere, it is not apparent that Petitioner's claim would necessarily fail in the North Carolina district court. It is not clear that his claim is time barred because, as noted, the statute of limitation accommodates the possibility that a prisoner might fail to discover his claim despite his diligence." Doc. 19 at 3.

It would nonetheless appear as though the Fourth Circuit would be favorable to Mr. Pait's plight. The Fourth Circuit has found that a failure to raise a claim on direct appeal constitutes a procedural default that bars presentation of the claim in a § 2255 motion unless the petitioner can demonstrate "cause and actual prejudice resulting from the errors of which he complains" or "actual innocence." See, e.g., United States v. Pettiford, 612 F.3d 270, 280 (4th Cir. 2010) (citations omitted); see also Finch v. McKoy, 914 F.3d 292, 298 (4th Cir. 2019) (discussing requirements for a claim of actual innocence in a case originating from 1976 - with a habeas petition filed in 2015 (nearly 40-years after conviction) in the Eastern District of North Carolina -

ultimately finding that the actual innocence standard and gateway was met). Given opportunity, Petitioner can demonstrate to the North Carolina district court that he is actually innocent of the sentencing enhancement.

Actual innocence, if proven, serves as a gateway through which a habeas petitioner may pass when AEDPA's statute of limitations has expired. See McQuiggin v. Perkins, 569 U.S. 383, 386 (2013); see also Schulp v. Delo, 513 U.S. 298, 329 (1995). "This rule, or fundamental miscarriage of justice exception, is grounded in the equitable discretion of habeas courts to see that federal constitutional errors do not result in the incarceration of innocent persons." Finch, 914 F.3d at 294 (citing McQuiggin, 569 U.S. at 392 (internal quotation marks omitted).

Thus at first blush, it would appear that Petitioner has a colorable § 2255 claim of actual innocence that is not "clearly doomed" upon arrival in the transferee court. Doc. 19 at 3, referencing Phillips v. Seiter, 173 F.3d 609, 610 (7th Cir. 1999). Limited review reveals that the case is not a sure loser. Therefore, transfer of this action is appropriate.

## CONCLUSION

For the foregoing reasons, Petitioner respectfully moves this Court to transfer the case to the Eastern District of North Carolina in the interest of justice. Once transferred, it stands

CERTIFICATE OF SERVICE

I, William Lee Pait, Jr., pro se Petitioner in Case No. CV 22-00494-JAS-MSA, do hereby certify that I mailed a true copy of my Supplemental Brief, to:

Melissa M. Kroeger
Assistant U.S. Attorney
405 West Congress St., Suite 4800
Tucson, AZ 85701

The same was mailed by USPS first class postage prepaid mail on this 24th day of August, 2023.

*/s/ William Pait*
William Lee Pait, Jr.