**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| William Lee Pait, Jr.,<br><br>    Petitioner,<br><br>v.<br><br>Mark Gutierrez,<br><br>    Respondent. | No. CV-22-00494-TUC-JAS (MSA)<br><br>**REPORT AND RECOMMENDATION** |

Pending before the Court is Petitioner William Pait, Jr.'s petition for a writ of habeas corpus under 28 U.S.C. § 2241. The Court finds that it lacks jurisdiction over the petition and that this matter should be dismissed.

**I.     Background**

Petitioner is serving a 50-year term of imprisonment following a conviction in the Eastern District of North Carolina for manufacture or production of child pornography. (Doc. 54, *United States v. Pait*, No. 12-cr-00187 (E.D.N.C. Sept. 3, 2013).) His sentence was enhanced based on one or more prior convictions for a child sex offense. *See* 18 U.S.C. § 2251(e). Petitioner says that his prior convictions were under N.C. Gen. Stat. § 14-202.1 (taking indecent liberties with children) and § 14-202.3 (solicitation of a child by computer or other electronic devices to commit an unlawful sex act), but there are no state conviction documents in the record, and it is not clear which conviction served as the predicate for his federal sentencing enhancement.

Petitioner's direct appeal was unsuccessful. *United States v. Pait*, 582 F. App'x 249

(4th Cir. 2014). He did not file a motion to vacate under 28 U.S.C. § 2255.[1] At some point, he was transferred to a prison within the District of Arizona, where he filed this action under 28 U.S.C. § 2241. (Doc. 1.) The petition has been fully briefed. (Docs. 18, 20, 21.)

## II. Discussion

### A. The Court lacks jurisdiction.

Petitioner claims that neither of his state-court convictions is a proper predicate for his federal sentencing enhancement, and that he is therefore innocent of the enhancement. Ordinarily, this type of challenge must be presented to the sentencing court in a motion under 28 U.S.C. § 2255. *Pinson v. Carvajal*, 69 F.4th 1059, 1066 (9th Cir. 2023) (quoting *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000) (per curiam)). "Under the 'escape hatch' provision of § 2255(e), however, a federal prisoner may file a § 2241 petition, but only if the § 2255 remedy is 'inadequate or ineffective to test the legality of his detention.'" *Pavulak v. Blanckensee*, 14 F.4th 895, 896–97 (9th Cir. 2021) (per curiam) (quoting 28 U.S.C. § 2255(e)). "[T]he escape hatch is available when the prisoner '(1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim.'" *Shepherd v. Unknown Party*, 5 F.4th 1075, 1076 (9th Cir. 2021) (per curiam) (quoting *Marrero v. Ives*, 682 F.3d 1190, 1192 (9th Cir. 2012)).

Petitioner has not filed a first § 2255 motion, so he cannot show that he has not had an unobstructed procedural shot at presenting his claim. He argues that his claim would have been rejected under the incorrect precedents of the United States Court of Appeals for the Fourth Circuit, and that his claim is viable now only because the United States Supreme Court clarified the law in *Mathis v. United States*, 579 U.S. 500 (2016), and *Descamps v. United States*, 570 U.S. 254 (2013). At one time, those circumstances would have supported a finding that Petitioner lacked an opportunity to present his claim. *See Allen v. Ives*, 950 F.3d 1184, 1190 (9th Cir. 2020) (holding that the petitioner "did not have an

---

[1] In his petition, Petitioner asserts under penalty of perjury that he filed a § 2255 motion in the sentencing court. (Doc. 1-1 at 5.) However, the sentencing court's docket does not reflect that he ever filed a § 2255 motion, and Petitioner has since explained that he was simply confused about the difference between his direct appeal and a § 2255 proceeding. As such, there is no dispute that Petitioner has not filed a § 2255 motion.

unobstructed procedural shot at presenting his claim of actual innocence because it was foreclosed by existing [circuit] precedent at the time of his direct appeal and § 2255 motion"). However, the Supreme Court has since explained that unfavorable or incorrect circuit precedent does not make the § 2255 remedy inadequate or ineffective. *Jones v. Hendrix*, 599 U.S. 465, 480–81 (2023).

Petitioner has not satisfied the escape hatch. Therefore, the Court lacks jurisdiction over the § 2241 petition. *See Hernandez*, 204 F.3d at 864–65 (explaining that satisfaction of the escape hatch is determinative of jurisdiction).

### B. Transfer would not be in the interest of justice.

The § 2241 petition must be construed as a § 2255 motion, and only the sentencing court has jurisdiction to hear a § 2255 motion. *Hernandez*, 204 F.3d at 864. Therefore, the issue is whether the petition should be transferred to the United States District Court for the Eastern District of North Carolina. The Court finds that transfer is not warranted.

When a "court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other . . . court . . . in which the action or appeal could have been brought at the time it was filed or noticed." 28 U.S.C. § 1631; *see Trejo-Mejia v. Holder*, 593 F.3d 913, 915 (9th Cir. 2010) (stating that transfer is proper under § 1631 if "(1) the transferee court would have been able to exercise its jurisdiction on the date the action was misfiled; (2) the transferor court lacks jurisdiction; and (3) the transfer serves the interest of justice" (citation omitted)). "[T]ransfer will generally be in the interest of justice, unless it is apparent that the matter to be transferred is frivolous or was filed in bad faith." *Amity Rubberized Pen Co. v. Mkt. Quest Grp.*, 793 F.3d 991, 996 (9th Cir. 2015).

In this case, a limited inquiry reveals that Petitioner's claim is frivolous because it is untimely without justification. His § 2255 motion is subject to a one-year statute of limitation. 28 U.S.C. § 2255(f). The limitation period runs from the latest of:

(1) the date on which the judgment of conviction becomes final;
(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United

>States is removed, if the movant was prevented from making a motion by such governmental action;
>(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.*

First, Petitioner's judgment became final nearly ten years ago, so if § 2255(f)(1) applies, then the limitation period expired nearly nine years ago. Second, Petitioner does not allege that the Government obstructed him from filing a § 2255 motion, so § 2255(f)(2) does not apply. Third, Petitioner's claim does not rely on any newly recognized right. His claim is based on *Mathis v. United States*, 579 U.S. 500 (2016), and *Descamps v. United States*, 570 U.S. 254 (2013). Those cases simply clarified existing rules; they did not create any new right. *Arazola-Galea v. United States*, 876 F.3d 1257, 1259 (9th Cir. 2017); *Ezell v. United States*, 778 F.3d 762, 766 (9th Cir. 2015). So § 2255(f)(3) does not apply either.[2]

Finally, Petitioner has not identified any new "facts" that could support a start date under § 2255(f)(4). Importantly, a judicial decision constitutes a new "fact" only if it occurs in the petitioner's case and affects his legal status (e.g., the decision vacates one of his predicate convictions). *Shannon v. Newland*, 410 F.3d 1083, 1088–89 (9th Cir. 2005); *Whiteside v. United States*, 775 F.3d 180, 183–84 (4th Cir. 2014) (en banc). A new decision that *does not* affect the petitioner's legal status does not constitute a new "fact" under § 2255(f)(4), even if the decision creates a legal principle that is helpful to the petitioner's claim. *Shannon*, 410 F.3d at 1089; *Whiteside*, 775 F.3d at 184. Thus, even if Petitioner discovered *Mathis* and *Descamps* only recently, that is not a "fact" that would warrant a later start date under § 2255(f)(4).

Petitioner does not argue that his claim is timely under § 2255(f). Instead, he argues that his untimeliness would be excused because he makes a claim of actual innocence. The Supreme Court has held that "a credible showing of actual innocence may allow a prisoner

---

[2] If *Mathis* and *Descamps* did create a new right, the petition would still be untimely. The petition was filed more than five years after *Mathis* (the later case) was decided.

to pursue his constitutional claims . . . on the merits notwithstanding the existence of a procedural bar to relief." *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013). However, *McQuiggin* involved a petitioner who claimed he was actually innocent of his *conviction*. *Id.* at 389. The Fourth Circuit, whose law would govern upon transfer, has refused to extend *McQuiggin* to those who assert actual innocence of a *sentence*. *United States v. Jones*, 758 F.3d 579, 586–87 (4th Cir. 2014) ("*McQuiggin* does not apply to habeas claims based on actual innocence of a sentence."). Therefore, the North Carolina district court would not excuse Petitioner's untimeliness.

Petitioner's claim is untimely without excuse. Therefore, transfer would not be in the interest of justice. *See Hermosillo-Enriquez v. Sanders*, 413 F. App'x 994, 996 (9th Cir. 2011) (affirming the denial of a § 1631 transfer "because the petition would be untimely").

**III.    Conclusion**

The Court **recommends** that Petitioner William Pait, Jr.'s petition for a writ of habeas corpus under 28 U.S.C. § 2241 (Doc. 1) be **dismissed without prejudice for lack of jurisdiction**.

This recommendation is not immediately appealable to the United States Court of Appeals for the Ninth Circuit. The parties have 14 days to file specific written objections with the district court. Fed. R. Civ. P. 72(b)(2). The parties have 14 days to file responses to objections. *Id.* The parties may not file replies to objections absent the district court's permission. The failure to file timely objections may result in the waiver of de novo review. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). The Clerk of Court is directed to **terminate** the referral of this matter. Filed objections should bear the following case number: **CV-22-00494-TUC-JAS**.

Dated this 14th day of February, 2024.

_____
Honorable Maria S. Aguilera
United States Magistrate Judge